NATHAN WESTON, Jr. *versus* GORHAM DAVIS.

When one person performs services for the benefit and with the knowledge and tacit consent of another, the law implies a promise to pay a reasonable compensation for them. Such a promise, however, is implied only, when there does not appear to have been an express agreement or employment.

When two or more persons are jointly interested to have certain services performed, and one of them requests a third person to perform them, he may be presumed to have done so in behalf of all those interested, unless there be something to indicate a different intention.

When one intends to give credit to two or more persons, that intention, to affect them, should be made known, expressly, or by inference from the circumstances attending the transaction.

ASSUMPSIT for professional services as a counsellor at law, rendered in defence of àn action, *Morse* v. *the defendant* and one *Williams*, on a six months bond. The amount of services and moneys paid, as agreed upon, was $40. There were other judgment debtors in the execution, upon which Williams was arrested, and upon which said bond was given; and one of them paid $60 toward said bond, leaving a balance of some 6 or $8 due, and it was claimed in that suit, that Morse was entitled to the full amount of the bond for the benefit of the judgment debtor, who paid the $60. The defendant claimed that Morse was entitled to judgment only for said balance ; and the defence was successful, and judgment was for the balance only, as claimed by the defendants.

The defendant alone was sued, as Williams had gone into bankruptcy.

The defendant proved that he was only surety on said bond; that the plaintiff was requested by Williams to defend the said action, and that the defendant did not request him to employ the plaintiff, or any one to defend the suit; that Williams stated to the plaintiff, after he had commenced his services in the action, that he intended to pay him for his services. The plaintiff charged his bill to said Williams and the defendant, and about the time he was employed in the action he made inquiry as to the ability of Davis to pay him his fees, and then ascertained, that he was responsible, and that Williams was poor. The plaintiff never had any correspondence or conversation with the defendant, during the pendency of the other suit, and indeed never saw him till the institution of the present suit.

Davis, during the time the six months bond was running, had an obligation given him by Williams' brother, procured by Williams, to save him harmless from all liability arising out of said bond. Said brother is responsible.

Williams also testified, that he told Davis that he had employed the plaintiff to defend the case, and that he, Williams, would clear him, Davis, from the bond; and that said Davis replied, that he had spoken to Mr. Blake to defend the case, if he, Williams, had not employed some one to defend it. The parties agreed to submit the case to the decision of the Court upon the foregoing statement, and a nonsuit or default was to be entered.

*Weston, pro se.*

*S. H. Blake,* for the defendant.

The opinion of the Court was drawn up by

Shepley J. — When one person performs services for the benefit and with the knowledge and tacit consent of another, the law implies a promise to pay a reasonable compensation for them. Such a promise, however, is implied only, when there does not appear to have been an express agreement or employment. When two or more persons are jointly interested to have certain services performed, and one of them requests

another to perform them, he may be presumed to have done it in behalf of all those interested, unless there be something to indicate a different intention. In this case it appears, that the plaintiff was employed by the principal in a poor debtor's bond to defend a suit brought against him and his surety; and that soon after he entered upon the performance of that service, he was informed by the principal, that he intended to pay him. It does not appear, that the plaintiff made known to him any objection to that arrangement. The surety held a contract of indemnity from a brother of the principal, so that it does not appear, that he was beneficially interested to defend the suit. He might well leave the management of that defence to those more immediately interested in it. He was informed, that the plaintiff had been retained to defend it, but was at the same time informed, that he had been retained by the principal, who would save him harmless. He appears to have intended to have employed another attorney to defend the suit, if his principal had not taken the defence upon himself. If all those persons, who may be named as parties defendant or plaintiff, were to be considered as liable to pay for the services of an attorney, nominal or formal parties, having no beneficial interest, would become liable. The plaintiff appears to have intended to rely upon both the defendants for payment of his services and expenses, but does not appear to have made known that intention to either of them. When one intends to give credit to two or more persons, that intention, to affect them, should be made known expressly or by inference from the circumstances attending the transaction. That does not appear to have been done in this case.

*Plaintiff nonsuit.*