ISAAC McCLELLAND, Appellant, v. JAMES SNIDER, Appellee.

APPEAL FROM MARION.

Where only a portion of work, to be performed under a contract, has been done, the compensation therefor shall be that named in the contract, wherever it can be made to apply.

A contract for the delivery of stone, to be measured in the walls of a particular building, is not broken because the stone may be laid elsewhere, if they could there be measured. The object of such a statement in the contract, was to furnish proper facilities for measurement.

THIS was an action on special contract, averring: the declaration alleges that Snider was to quarry seven hundred yards of stone, and deliver the same to McClelland as fast as quarried, which McClelland was to remove, paying therefor one dollar and ten cents per yard, to be measured in the wall of certain buildings which McClelland was to erect for the Illinois Central Railroad Company. McClelland filed the general issue, and gave notice that he should show that Snider was to deliver 1,300 yards of stone, at one dollar per yard; and that he had refused so to deliver the stone, whereby McClelland had been made to suffer damage.

The proof showed that a portion of the stone taken by McClelland went to a well. That the amount of stone delivered fell short of the quantity contracted for.

The cause was tried before BEECHER, Judge, and a jury, at May term, 1856, of the Marion Circuit Court.

J. N. HAYNIE, for Appellant.

H. K. S. OMELVENY, for Appellee.

CATON, J. The first and second instructions, which the court gave for the plaintiff below, were wrong. The first excepted to, is as follows: "If the jury believe, from the evidence, that there was a special contract between the parties in relation to quarrying stone, although the same might not have been performed by either party, yet if plaintiff quarried and delivered stone to defendant, and defendant accepted and appropriated the same to his own use, the plaintiff is entitled to recover the reasonable value of the stone, deducting therefrom any damages sustained by defendant by failure of plaintiff to deliver the same according to contract, and any payment made on the same." This instruction was wrong, because it allowed the plaintiff to recover *the reasonable value of the stone*, irrespective of the contract price; whereas, the rule of law is, that the contract price shall govern the measure of

compensation, wherever it can be made to apply, whether that be more or less than the reasonable value of the stone.   This identical question, in almost precisely such a case, was decided at the last term of this court, in this division, and demands no further discussion here.   Had that case been reported at the time of the trial of this cause, no doubt the instruction would have been different.   See *Brigham* v. *Hawley*, 17 Ill. R. 38.

The next instruction excepted to is this : " If the contract was to measure said stone in the walls of the dépôt building in Centralia, and defendant appropriated said stone to other purposes, as wells and culverts, not stipulated for in said contract, it was a breach of said contract, and releases the plaintiff from his liability on the same." This instruction was clearly wrong.   It was a matter of no moment what became of the stone, so far as the plaintiff was concerned, if he had the proper facilities for measuring them.   The only object of the provision, that they should be measured in the walls of the dépôt, was to provide a rule by which they should be measured, not that the stone should have a particular spot for a resting place.   The object of the provision was as well attained by placing the stone in one wall as another, so that it was accessible.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*