## WHEEDEN v. FISKE & A.

Where work is done under a special agreement, at estimated prices, and there is a deviation from the original plan by the consent of the parties, the contract is made the rule of payment, as far as it can be traced; and, for the extra labor, the party is entitled to his *quantum meruit.*

But if a man contract to work by a certain plan, and that plan be so entirely abandoned that it is impossible to trace the contract, and to say to which part of the work it shall be applied,—in such case the workman shall be permitted to charge, by measure and value, for the work done, as if no contract had been made; and the original contract is no longer a guide for estimating the price of the work done and materials provided.

---

[*] And see *Roundy* v. *Thatcher*, 49 N. H. 530.          ,          REPORTER.

In general, a contract cannot be rescinded unless by consent of both parties, except in a case of fraud; but an express agreement to that effect need not be shown. The circumstances and dealings of the parties with each other in reference to the subject matter, may furnish evidence from which the jury may find a rescission of the contract by the mutual understanding of the parties.

ASSUMPSIT, for work done, materials provided, and money paid, in building the defendants' grist-mill and shed.

The contract or agreement under which the plaintiff performed the services was not reduced to writing, and, upon the trial, the parties did not agree as to its terms,—the plaintiff claiming that he was entitled to recover a fair compensation for building the mill; whether upon the ground that there was never any special contract for the whole job, at a fixed price, or upon the ground that such special contract, if it ever existed, had been rescinded, did not clearly appear; while the defendants claimed that the mill was built under a special contract, by which the plaintiff was to have $2,500 for the job, and a further compensation for any " extras " or deviation from the original plan, if made at the defendants' request. It appeared by the defendants' testimony that, by their request, several changes were made from the plan, as it existed at the time of the alleged contract; and there was testimony tending to show that these changes were important and expensive.

The jury were instructed that if the mill was built by the day, the plaintiff could recover, " *quantum meruit;*" if it was built by contract, under an agreement that the plaintiff was to be paid for " extras," he could recover nothing over and above the contract price, except a fair compensation for the increased expense occasioned by the deviation from the original plan; but that, if changes were made from the plan as it existed at the time of contract, and there was no agreement as to the mode of paying for the increased expense thus occasioned (no agreement that the defendants would pay for extras), the jury could, from those facts, find that the original contract was rescinded, and that the plaintiff was entitled to recover the reasonable value of the labor and materials. To the latter instruction the defendants excepted. The jury returned a verdict for the plaintiff, which the defendants moved to set aside.

*Fletcher & Heywood*, with whom was *Burns*, for the defendants.

The instructions to the jury lay down a wrong rule as to damages. The jury should have been instructed that the contract, so far as it could be traced, would furnish the rule of damages. *DeBoom* v. *Priestly*, 1 Cal. 206. Where a contract is made to build for a certain price, the work done under the contract is to be paid for according to its terms, and the extra work, suggested and assented to by the em-

ployer, is to be paid for at the rate of the agreed price. *Jones* v. *Wood-bury*, 11 B. Monroe 167.

*Ray & Ladd*, for the plaintiff.

FOSTER, J. The instructions are in three distinct branches, and present three distinct alternatives to the consideration of the jury, to each of which is assigned its peculiar standard of damages. To the first, a *quantum meruit* is assigned as the proper measure of damages for work done by the day simply; to the second, the contract price for the job, and in addition to that, a fair compensation, or *quantum meruit*, for extra work. This supposes the case of an original contract performed and fulfilled, and in addition thereto, other and independent work done, for which no price had been agreed upon. The third alternative presents the case of an original contract, so far changed and deviated from, by the expenditure of labor and materials inconsistent with the original plan and price (the extra work being bestowed and the extra materials provided without any agreement as to the price or payment therefor), as to authorize the jury in finding that the original contract was wholly avoided, set aside, and rescinded, by mutual understanding; with regard to which state of things, a *quantum meruit* for the whole work is said to be the proper standard of damages.

It will be observed that the defendants make no objection to the first two branches of these instructions. The case finds that "to the latter instruction the defendants excepted"; and in their argument, the counsel for the defendants make no objection to the charge of the court, except " to that part wherein he says that if changes were made from the plan, &c., and no agreement as to paying for the increased expense, &c., the jury could, from these facts, find that the original contract was rescinded, and the plaintiff was entitled to recover the reasonable value of the labor and materials."

" This charge," the counsel say, " lays down a wrong rule as to damages. The jury should have been instructed that the contract, so far as it could be traced, would furnish the rule of damages."

The rule contended for by the defendants is probably the correct rule to be applied to the case of part performance of a contract, where deviations from the original plan are made by consent,—the main portion of the contract still remaining in force and unrescinded. In his excellent treatise on the Measure of Damages, Mr. Sedgwick says : " Where work is done under a special agreement, at estimated prices, and there is a deviation from the original plan by the consent of the parties, the contract is made the rule of payment, as far as it can be traced; and, for the extra labor, the party is entitled to his *quantum meruit*." Sedgwick on the Measure of Damages, 249 ; Chitty Cont. 613. It has been thus decided in England—*Robson* v. *Godfrey*, 1 Holt's N. P. C. 236 ; and in New York—*Merrill* v. *The Ithaca & Oswego R. R. Co.*, 16 Wend. 586 ; and in Missouri—*Marsh* v. *Richards*, 29 Mo. 99 ; and in California—*DeBoom* v. *Priestly*, 1 Cal. 206 ; and in Kentucky—*Jones* v. *Woodbury*, 11 B. Mon. 167 ; and in Illinois—*McClelland* v. *Snider*, 18 Ill. 58.

Where performance of a special contract was prevented by the defendant, and suit brought on the general counts, the court said: "The defendant may give the contract in evidence, with a view to lessen the *quantum* of damages. So far as the work was done under the special contract, the prices specified in it are, as a general rule, to be taken as the best evidence of the value of the work." *Koon* v. *Greenman*, 7 Wend. 123.

In *DeBoom* v. *Priestly*, there was a special contract to erect a building at a specified price and according to an agreed plan; but the contract was afterwards deviated from, by consent of both parties. The court said: "The plaintiff cannot recover on the express contract, for the reason that the work has not been performed according to the terms of the express contract; though, at the trial, the measure of compensation must be graduated by the terms of the contract, so far as the work can be traced under it." See, also, *Jewell* v. *Schroeppel*, 4 Cow. 564.

And in *Jones* v. *Woodbury*, MARSHALL, Ch. J., says: "The general principle applicable to the case of a special contract for erecting a house where, in the progress of the work, there have been alterations or additions not originally contemplated nor expressly provided for, seems to be that, as far as the work can be traced under the original contract, it shall be paid for under that contract; and that the residue, which cannot be brought within the contract, shall be paid for as if there were no contract." He also remarks that "extra work, either in quantity or quality, unless done under an express agreement, or at least a statement of the price, should not be charged for at a greater rate, in reference to the measure and value price of such work, than the contract price bears to the measure and value price of the work contracted to be done. So that, if the contract price was a fourth or a fifth less than the price estimated by measure and value, the extra work should not be estimated at more than three fourths or four fifths of its price, according to measure and value."

But, on the other hand, if a man contract to work by a certain plan, and that plan be so entirely abandoned that it is impossible to trace the contract and to say to which part of the work it shall be applied, in such case the workman shall be permitted to charge by measure and value for the work done, as if no contract had been made. Chitty Cont. 613. In such case, the original contract is no longer a guide for estimating the price of the work done and materials provided. *Tebbetts* v. *Haskins*, 16 Maine 283.

And in the present case the plaintiff claims that there was by the conduct of the defendants, as evinced by their requirement of extra and different work from that provided for originally (changes from the original plan, important and expensive), without any stipulation for the price or the payment thereof, and by the assent or acquiescence of the defendants, or by the mutual assent of both parties, a total departure from the original plan and contract, which authorizes him to claim and recover for the entire work, without reference to the contract price.

And we think, in view of the character, importance, and expense of these alterations from the original plan, there was abundant and competent evidence from which the jury would be at liberty to find a rescission of the original special contract, if there ever was such contract.

In general, a contract cannot be rescinded, unless by consent of both parties, except in a case of fraud. Chitty Cont. 812. But an express agreement to that effect need not be shown. *Fuller* v. *Little,* 7 N. H. 541; *Hill* v. *Green,* 4 Pick. 114; *Bailey* v. *Woods,* 17 N. H. 365; *Hayward* v. *Leonard,* 7 Pick. 181.

In *DeBernardy* v. *Harding,* 8 Exch. 822, the defendant being about to erect seats for viewing the funeral procession of the Duke of Wellington, entered into an agreement with the plaintiff, a foreign agent, to make the scheme known abroad, and dispose of tickets for the seats. The plaintiff was to be paid for his work and expenses by a per centage on the tickets which he sold. After the plaintiff had incurred certain expenses, but before he sold any tickets, the defendant desired him not to dispose of them, as he would sell them himself. The plaintiff accordingly sent all applicants to him, and after the funeral delivered to the defendant a bill for work done and expenses incurred. The defendant paid the expenses, but refused to pay for the work. The court held that it was a question for the jury whether the original contract was not rescinded by mutual consent, and whether there was not a new implied contract that the plaintiff should be paid for the work actually done, as upon a *quantum meruit.*

The instructions of the court were, in our opinion, correct, and there must be                    *Judgment on the verdict.*