VANTILBURGH, respondent, v. HAMILTON, appellant.

PRACTICE — *source of title* — *defects cured* — *judgment supported by evidence.* The source of title need not be set forth in a complaint. Defective description of property is cured by answer. Where there is evidence to support the findings of a court, or the verdict of a jury, the appellate court will not reverse a judgment based thereon. *Ming* v. *Truett*, 1 Mon. 322, and *Griswold* v. *Boley*, id. 545, affirmed.

MARRIED WOMAN'S SEPARATE PROPERTY. Where a married woman has filed a list of her separate property, as required by law, it is not liable to seizure on execution against her husband.

*Appeal from First District, Jefferson County.*

JOHNSTON & TOOLE, for appellant.

SHOBER & LOWRY, for respondent.

KNOWLES, J. The plaintiff brought this action to recover the possession of a horse taken by the above-named defendant on a writ of execution, commanding the appellant, Proffitt, as sheriff, to levy upon the property of William Vantilburgh, the husband of respondent. The appellant had filed a list of her separate

property in the county recorder's office of Jefferson county before this, and in due time to save it from being subject to this execution. The appellants demurred to the complaint on two grounds: First. That the complaint did not state a sufficient cause of action, as it did not show that plaintiff had filed this list of her separate property. Second. That the complaint was too uncertain, as it did not particularly describe the property claimed. The description therein is: "One large horse, about six years old." The court overruled this demurrer. This was correct, as to the first ground of demurrer. It was unnecessary that the plaintiff should set forth the source of her title to the property in dispute. Moak's Van Santvoord's Pl. 216; Chitty's Pl. 413.

As to the second ground, I think it should have been sustained. But it is not necessary to determine this. Whatever defect there may have been upon this point, was waived by the defendant's answering to the merits of the complaint and going to trial. *De Boom* v. *Priestly*, 1 Cal. 206; *Pierce* v. *Minturn et al.*, id. 470; *Brooks* v. *Minturn*, id. 481; *Williams* v. *Soutter et al.*, 7 Iowa, 435; *Abbott* v. *Striblen*, 6 id. 191.

The only other question presented in this case is as to whether the horse in dispute in this action, and the one specified in the list of property filed in the recorder's office of Jefferson county, is the same. The evidence was, that the plaintiff purchased the horse with her own money; that she mentioned it in her list and described it as a brown horse. She testified that she called the horse a brown horse, although some might call him a sorrel. Pennington, witness for plaintiff, testified that he called the horse a light sorrel, although some might call him *brown*. Hamilton and Boley, the defendants, both testified that the horse was a light sorrel. There may be considerable difficulty in determining the exact color of an animal. The coloring that nature provides for their hair is so various, that even experts may dispute as to the shade of color that should be applied to some animals. According to Webster's Dictionary, the French word, corresponding with our word *sorrel*, means yellowish brown. The judge who tried the case in the court below, upon the issue of facts as well as law, found the description sufficient. Such must be our presumption from his findings. We do not feel competent, from the

evidence before us, to determine whether that horse was a light *sorrel* or a *brown*. That necessity was forced upon the judge in the court below, and there was evidence to support his findings upon this point, and hence it should not be disturbed.

Where there is any evidence to support a verdict, or the finding of a court sitting to try issues of fact, the general rule is that neither will be set aside in an appellate court. *Ming* v. *Truett*, 1 Mon. 322; *Griswold* v. *Boley*, id. 545.

Our statute provides that the property which a married woman may acquire after her marriage shall be exempt from her husband's debts and liabilities, *provided* that she shall mention such property in a list, and record the same in the office of the register of deeds for the county where she resides. Cod. Sts. of Mon. 521.

According to the presumptions from the findings of the court below, the plaintiff embraced the property in dispute in a list filed in the proper office in due time. The property in dispute was not subject, then, to be seized on execution running against her husband's property. For these reasons the judgment of the court below should be affirmed.

Judgment of the court below is hereby affirmed, with costs.

*Judgment affirmed.*