THE ROCKWELL STOCK AND LAND COMPANY v. CASTRONI.

1. PRACTICE—TRIAL ON APPEAL.

The same principles must be applied in the trial of a case which comes by appeal to a court of record from a justice of the peace as one which originates there and is heard on written pleadings.

2. PLEADING.

The plaintiff needs only to state the facts which constitute his cause of action. It is not necessary to allege a promise which is implied by law.

3. PROMISE.

No promise is implied by law where an express one is laid and proven.

4. PRACTICE—OFFER OF PROOF.

If a plaintiff declares on an express contract to pay a wage, and undertakes to prove it, he is not permitted at the same time to offer proof of the value of his services and recover according to what the jury may conclude with reference to the matter.

5. EVIDENCE.

It seems that where there is a controversy as to the agreed price at which work was to be done, evidence of the value of the work may be introduced for the purpose of supporting plaintiff's contention respecting the agreed price.

*Appeal from the County Court of Weld County.*

Mr. L. C. ROCKWELL, for appellant.

Mr. CHAS. M. BICE, for appellee.

BISSELL, J., delivered the opinion of the court.

As suggested in the antecedent opinion, Joseph's suit was
tried with Martha's action and before the same jury. The
record in this case shows some irregularities other than what
appears in the wife's suit. Probably this comes from the
circumstance of counsel's reliance on the main error com-
mitted in the trial of the suit brought by the other plaintiff,
while in this he preferred to preserve all the questions.
Some of them are probably not of sufficient gravity to upset
the judgment, but they seem to require some little discussion
in the settlement of the issue between the parties. No nar-
ration of the history of the case other than what is contained
in the statement preceding the other opinion will be given,
save to particularize some matters which were incidental to
our conclusions in that matter. The alleged hiring on which
Joseph sued occurred if at all at the time of the arrange-
ment between the company and his wife, Martha, with refer-
ence to the establishment of the hennery. It was insisted
on behalf of the plaintiff that when the discussion occurred
in the later part of August, Mr. Rockwell hired him to go
out to the farm and labor at whatsoever he might be called
upon to do at an agreed price of $25.00 per month and his
board. It was Joseph's contention that he was in no manner
connected with the negotiations entered into between the
company and his wife with reference to the establishment of
the traffic in hens, but that he was hired independently as a
farm hand to work at fixed wages. He insists he went out
to the farm and labored from that time on until the disagree-
ment between the parties in January, when he was dis-
charged. The defendant company insists there was no
agreement of this sort, but that he was simply hired while
the harvesting was going on to do a specific class of work

for which he was to receive $1.00 per day and board. · The company claimed to have paid him for all the time he worked. The issue was thus sharply defined as to the existence or nonexistence of a contract of hiring for a definite period at a fixed wage. The testimony was directed to this end, though in the progress of the trial the plaintiff offered testimony to show the value of his services and thereby establish his right to recover for work and labor done upon a *quantum meruit*. When the case was concluded the court over the objection of the defendant instructed the jury upon both hypotheses. The jury were told if they should find the agreement to have been made as the plaintiff alleged, they were bound to find for him at the rate of $25.00 a month and his board, making whatever deduction was proper for any payments which had been made. The jury were further told even though they might find from the evidence there was no such agreement as the plaintiff attempted to show, if they found he had done work for the company from the time of going out there to the day of his discharge, and found its value to be of a certain sum, they should return a verdict in accordance with such finding. Under the instructions, the jury were bound to find for the plaintiff, even though they might find there was no contract made, if they found he had done work which was of an ascertainable value.

The case was tried on the 9th of February. On the conclusion of the trial, the jury returned a verdict that the company was indebted to the plaintiff in the sum of $15.00, which had been paid. The court refused to accept it, sent the jury back to their rooms, and they found a general verdict for $1.00 for the plaintiff. This verdict was promptly set aside. The court proceeded to retry the case at 2 o'clock of the day on which the verdict was returned, whereupon the company moved to continue it for a reasonable time to procure witnesses to meet the plaintiff's contention that he was entitled to recover on the basis of the value of his services, regardless of the special contract which he had at-

tempted to prove. The showing would seem to make it clear that a severe snow storm had occurred which prevented the running of trains and the procurement of witnesses in time to testify. The motion was overruled. The court proceeded to try the case and the plaintiff had judgment for $114.46. The defendant company made the same application for security of costs in this case as in the other. The account which was filed before the justice and which stood for the pleading in the county court was simply " The Stock and Land Company, debit to four months labor at $25.00 a month and 18 days and board. "

Some of the chief difficulties which have been encountered in this case proceed from the circumstance that both cases were begun before a justice without written pleadings.

Since both these cases must go back for a new trial, it is suggested to the county court that both parties be ordered to file pleadings setting up their causes of action and defenses respectively, thereby putting the case in such shape as to relieve the appellate court in case of any future appeal of the difficulties which are experienced on the present hearing. Of course it is true there is no difference with respect to the principles which must be applied in the trial of a case which comes by appeal to a court of record from a justice and one which originates there and is heard on written pleading. The legal rights of the parties are precisely the same, they must be determined on the same principles, and the plaintiff is bound to establish his cause by the same proofs. *Stout v. The St. Louis Tribune Co.*, 52 Mo. 343.

There is a well recognized distinction between the forms of pleading by which a party is permitted to recover a debt under the code and those which must have been observed by him when the common law procedure was in full force. The distinction between the common law forms of assumpsit are thoroughly settled and were well understood by lawyers who practiced under that system. The difference between the declaration in an action upon a special contract and one upon a *quantum meruit* were well defined and thoroughly recog-

nized. Of course it was true even under that system a person might declare in general assumpsit and recover upon proof of the value of its services, even though there was a special contract which constituted the basis of the action. This happened in the case where the contract had been completed by performance and the only thing which remained to be done. was to pay the contract price. This distinction was recognized and well settled. It was likewise established that in declaring upon a *quantum meruit* it was necessary to aver the implied promise which the law raised against the defendant, and therefore the forms always proceeded that the defendant promised and agreed to pay. We are, however, unconcerned with these distinctions, since the allegation of the promise and agreement to pay is not indispensable whether the party sues on a special contract or on a *quantum meruit*. It is only needful for him to state the facts out of which his cause of action grows, and these being proven he may recover whether he has alleged a promise by the defendant or has omitted to state any. This is true in either case, though necessarily it would happen in pleading the special agreement, the statement of its exact terms or their legal effect would probably result in averments which would show the defendant's promise. This would not be true in the case of the promise implied by the law, nor is it believed that any averment of this promise is at all necessary under the present system. *Hurst et al. v. Litchfield*, 39 N. Y. 377; *Sussdorff v. Schmidt*, 55 N. Y. 319; *Kerstetter v. Raymond*, 10 Ind. 199; *Green v. Gilbert*, 21 Wis. 401; Pomeroy's Remedies & Remedial Rights, sec. 543, *et seq.*

This discussion is only indulged in because counsel in their arguments seem to have confused the principles announced by the various cases which declare the proper rule for the construction of pleadings and those which determine the legal rights of the parties. It seems to be universally true that there can be no promise implied by the law where an express one is both laid and proven. The allegation of an express promise destroys the possibility of the implication, for

the last only exists by virtue of the legal obligation cast upon the party by virtue of a performance by one without an express agreement by the other. It is a very familiar doctrine in the law, so well established and so long existing as to be worthy the term elementary. It is useless to discuss it, state the various forms which it may take, or the circumstances under which such contract is enforcible. It is enough to say the statement of the express agreement will exclude the existence of one resulting by operation of law from the acts of the parties. *Weston v. Davis*, 24 Me. 374; *Whiting v. Sullivan*, 7 Mass. 107; *Galloway et al. v. Holmes*, 1 Douglas, 330; *McClelland v. Snider*, 18 Ill. 58; *Hancock v. Ross*, 18 Ga. 364; *Hill v. Balkcom*, 79 Ga. 444; *Delaplaine v. Turnley*, 44 Wis. 31.

-. It must be understood the antecedent discussion and the citation of these authorities are not intended to decide the general question of the rules of pleading in such cases, nor the right of a plaintiff to recover on any special contract which he may prove, even though his complaint has taken the form of a declaration to recover for services according to their value. That is not the question at issue. This concerns the right of the plaintiff to both allege and prove a special contract, and in the same action offer evidence to establish the value of the work which he has done and have the jury instructed that he is entitled to recover in either case; in the one, because there was a special contract for a definite wage, and in the other, because he rendered services of a proven value. It is simply decided if the plaintiff declares on a special contract, and undertakes to prove it, he may not at the same time offer proof of the value of his services and recover according as the jury may conclude with reference to the matter.

We do not disagree with a certain line of authorities which holds that where there is a controversy between parties as to the agreed price at which work was to be done, evidence may be introduced of the value of the work for the purpose of supporting the plaintiff's contention respecting the agreed

price. There are well considered cases in this direction. *Allison v. Horning*, 22 Ohio St. 138; *Richardson v. McGoldrick*, 43 Mich. 476.

No such question was presented here. The contention between the plaintiff and defendant was not as to what the agreed price was, but it was a sharply defined issue made by the assertion on the one side of a contract for employment at a fixed wage and a denial on the other of the making of any contract at all. The plaintiff was thus only entitled to maintain the issue which he tendered and to have the jury instructed that he might recover if they should find the contract to be as he laid it and according to its terms. The defendant's objection to the instruction which permitted him to recover on a *quantum meruit* was well taken, and the court should have given the instruction which the defendant company asked.

The case must be reversed because of this error in the instructions. There are some matters to which it seems wise to call the attention of the trial court, even though they be not deemed sufficiently radical to reverse the judgment. There is no necessity to reëxpress our views concerning the limitation which the court placed on the defendant's right to argue the case. The two cases were tried together. The abstract which was filed in this court covers nearly a hundred pages, and it would seem as though a liberal exercise of the court's authority would have given the defendant a greater latitude. We need not repeat what was said concerning the motion for security of costs. It would seem to be a case in which the order might properly be made if an adequate showing in conformity to the statute were aptly and duly presented. The refusal of the court to continue the case after it set aside the verdict must have worked considerable hardship to the defendant, under the assumption that the evidence respecting the value of the services was properly introduced. Where a case has been tried and a verdict returned, a reasonable time should be permitted to elapse if the defendant makes an application therefor before he is crowded into a

further trial of the same controversy. Nothing further need be said about it, as the thing is not likely to occur on the subsequent trial of the case.

We discover no other errors of sufficient magnitude to jus·tify a discussion or to call for an expression of the court's opinion.

For the error which the court committed in instructing the jury, the case must be reversed and go back for a new trial in conformity with this opinion.

*Reversed.*