[No. 4316.]

# JAMES S. DYER *v.* GEORGE BARSTOW ET AL.

JOINDER OF ACTIONS.—Two causes of action for enforcing liens for two street assessments, made in San Francisco, on the same lot at different times and on different contracts, and for improving the same street, cannot be joined in the same suit.

PARTY TO STREET CONTRACT.—The owner of property adjacent to a street is not a party to a contract for the improvement of the same, made between a third party and the Superintendent of Streets.

STREET ASSESSMENTS.—The owner of property adjacent to a street, and which is assessed for a street improvement, is first brought into relations with the proceedings when the assessment is issued.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

This action was brought to enforce liens on four lots for two assessments, one for grading, and the other for macadamizing and curbing Vallejo street, from Webster to Pierce street. The contract for grading was let September 20, 1869, and that for macadamizing and curbing was let November 8, the same year. The assessment for the former was made and recorded November 23, and that for the latter was made and recorded December 8, 1870. The suit was commenced August 29, 1872. The complaint contained two counts, one on each assessment. The defendants demurred, because two causes of action had been improperly united. The court overruled the demurrer. Judgment was rendered for the plaintiff, and the defendants appealed.

*M. A. Edmonds*, for the Appellants.

The street law in force, when the suit was brought, was the present act of April 1, 1872. (Acts 1871–2, p. 804.) The act of April 4, 1870 (1869–70, p. 890), was in force when the assessments were made, but not when the contracts were let. The acts in force at the date of the contracts are as follows: Acts 1862, p. 391, amended by Acts 1863, p. 525; also by Acts 1865–6, p. 549; and by Acts 1867–8, p. 358.

That the street law warrants the joinder, is not pretended.

The most that is claimed by counsel is, that there is nothing in the law against it.

But there is this against it. The act in force when the suit was commenced, as well as the act under which the contracts were let, provides expressly that the proceedings in suits, brought to recover street assessments, shall be governed and regulated (as to all matters not controlled by the act itself), "by the Civil Practice Act of this State." (Acts 1867–8, p. 363, Sec. 4; Acts 1871–2, p. 816, Sec. 13.)

In actions regulated by the Civil Practice Act, the only cases in which the plaintiff might unite several causes of action in the same complaint, were specified in section 64. And for such a joinder in any other case a demurrer would lie.

A suit on a street assessment is not an action arising out of contract within the meaning of Subd. 1, Sec. 64 of the Practice Act. A contract, within the meaning of that provision, is the contract of the party sued. The contract in this case is not the contract of the parties sued. Nay, it is *in invitum*. Their liability, therefore, is not based on it; and the action is not based on it, but on the assessment. Their liability is purely statutory, and not personal at that.

*J. C. Bates,* for the Respondent.

The assessments are both owned by the same person. An assessment for grading and one for macadamizing for work on the same street, levied or issued within a month of each other, is very similar to a levy for city and county taxes and afterwards for State taxes on the same property.

Section 64 of the Practice Act (Sec. 427, C. C. P.) prescribes that "the plaintiff may unite several causes of action in the same complaint where they all arise out of contracts, express or implied."

Does this action arise out of contract under the intent and meaning of that section of the Code? But if not, it is equally plain they are similar, and may be joined under the general rules of common law and equity pleadings and practice.

Chitty, in his work on "Pleading," vol. 1, p. 200, on the

subject of the joinder of actions, says: "The result of the authorities is stated to be, when the same plea may be pleaded and the same judgment given on all the counts of the declaration, or whenever the counts are all of the same nature and the same judgment is to be given on them all, though the pleas be different, as in the case of debt upon bond, they may be united."

By the COURT:

This action is brought on two street assessments in San Francisco. The demurrer that several causes of action were improperly united in the complaint should have been sustained. There is no pretense that the laws in respect to streets or street improvements warranted the joinder, and it is clear that section 64 of the Practice Act did not authorize it.

The claims of the plaintiff do not "arise out of contracts" within the meaning of that section. The contracts there spoken of were contracts to which the person sued was a party. It is settled, that the owners of property adjacent to a street improvement are not, in any sense, parties to the contract between the contractor and the Superintendent of Streets; and that they are brought into relations with the proceeding only when the assessment is issued. (*Emery* v. *San Francisco Gas Co.*, 28 Cal. 345; *Himmelmann* v. *Steiner*, 38 Cal. 175; *Himmelmann* v. *Spanagel*, 39 Cal. 389.) In the case last cited it was further held, that the assessment was the "transaction" (within the meaning of section 47 of the Practice Act) out of which the cause of action arose; and that such an assessment was a municipal tax, levied by the corporation upon the property supposed to be benefited by the improvement.

There was no express provision of statute permitting the plaintiff to unite in the same complaint two demands arising out of separate assessments. In our opinion, causes of action could not be united, except when they were authorized by the Practice Act. But if the law were otherwise, we have been referred to no rule of practice, at law or in equity,

which, at the common law, would have justified the course pursued by plaintiff in the present action.

Judgment and order reversed and cause remanded, with directions to the court below to sustain the defendant's demurrer to the complaint.