# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1876.

[No. 5027.]

### J. F. BROWN *v.* CHARLES RICE.

TOLL GATHERER.—If a corporation has constructed a turnpike road for the purpose of collecting tolls from travelers, and the Board of Supervisors has once fixed the rates of toll, a person who, as the agent of the company, demands and receives toll, is a "toll gatherer" within the purview of Sec. 518 of the Civil Code, which fixes a penalty for demanding or receiving too much toll, even if more than one year has elapsed since the rates of toll were fixed.

MISJOINDER OF CAUSES OF ACTION.—The plaintiff cannot unite in his complaint two or more causes of action for penalties incurred by a toll gatherer for demanding and receiving too much toll, even if they are separately stated.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

The five hundred and eighteenth section of the Civil Code imposes a penalty of twenty-five dollars upon a toll gatherer who demands or receives more toll than he is authorized to take. The complaint, filed July 30, 1874, alleges that, in 1854, a corporation called the Mineral Bar and Iowa Hill Bridge and Road Company was formed, under the act of May 12, 1853, for the formation of corporations for the construction of plank and turnpike roads; that the corporation constructed a turnpike road, prior to 1857, from Iowa Hill to Illinoistown; that for more than two years, defendant Rice had been, and still was, the authorized agent and employed toll gatherer of the corporation; that the plaintiff had been for more than one year hauling freight with horses

and wagons over the road; that in February, 1870, the Board of Supervisors of Placer county fixed the rates of toll over the road; that since said time the said board had not fixed the rates of toll, nor had any petition been presented for that purpose; that on the 29th day of July, 1873, the plaintiff passed over the road with a four-horse team and wagon, and the defendant demanded and received more toll than he was authorized to receive. There were 138 counts in the complaint for penalties alleged to have been incurred on separate days since July, 1873. The complaint counted on a violation of section 31 of said act of 1853, which imposes a penalty of ten dollars for said offense. The court, on demurrer, held that section 31 had been repealed by section 518 of the Civil Code. The plaintiff amended so as to count on said section 518. The defendant demurred to the amended complaint because it did not state facts sufficient to constitute a cause of action, and because several causes of action had been improperly stated. The court overruled the demurrer and the defendant answered. When the case was called for trial, the court, on motion of the defendant, dismissed the action, on the ground that as the Board of Supervisors had not within one year prior to the time the defendant received the tolls fixed the rates of toll, that the defendant was not a "toll gatherer" within the meaning of section 518 of the Civil Code. The act of 1857 (Stats. 1857, p. 280) provides that the rates and tolls shall be fixed and prescribed by the Board of Supervisors from year to year.

The plaintiff appealed.

*Fulweiler and Hale & Craig*, for the Appellant, cited *Skinner* v. *Anderson*, 12 Barber, 648, and *Cheney* v. *Coon*, 8 Johns. 150.

*B. F. Myres and Jo Hamilton*, for the Respondent.

By the Court:

1. We are of opinion that the defendant must be considered to have been a "toll gatherer" within the intent of

the statute, and that the complaint in this respect stated a cause of action against him.

2. But we also think that the several causes of action found in the complaint, though separately stated, were improperly united. (Code Civil Procedure, Sec. 427.)

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.