PEOPLE, Respondent, v. GEORGE HAGER, Appellant.*

No. 4858; July 17, 1876.

**Taxation—Purchasers of Land from State.**—The act providing for the management and sale of lands belonging to the state requires that holders of such lands by purchase from the state shall be proceeded against for delinquent taxes in the same manner as provided by law for the collection of state and county taxes, which latter proceedings are brought in the name of the people.

**Taxation—Several Parcels—Enforcement of Tax.**—In a case where, although there are several parcels of land of one owner sev-

*For subsequent opinion, see People v. Hagar, 52 Cal. 171.

erally assessed, there has been but one assessment and the cause of action is the failure to pay this, the assessment may be enforced in one action.

Jurisdiction—Conclusiveness of Decision as to.—If an inferior court of limited jurisdiction has passed upon the necessary jurisdictional facts and decided them to be sufficiently proved, the parties and their privies are estopped to litigate them again in a collateral action.

Swamp Land Reclamation—Conclusiveness of Proceedings.— When it affirmatively appears that a board of supervisors in the course of proceedings resulting in an assessment found, in the manner required by law, that the statements in a petition for the organization of a reclamation district were true and that no land was improperly included in the district, such statements cannot again be litigated in a collateral action by one who was a party to the reclamation proceedings.

APPEAL from Tenth Judicial District, Colusa County.

A. L. Hart, district attorney, Wm. Blanding and S. W. Sanderson for respondent; W. C. Belcher for appellant.

CROCKETT, J.—The action is to enforce the payment of an assessment levied on lands of the defendant Hager within swamp land district No. 108. A demurrer to the complaint was overruled by the court and we think correctly. The swamp land district was organized under the act of March 28, 1868, entitled "An act to provide for the management and sale of the lands belonging to the state" (Stats. 1867–68, p. 507), and section 35 of the act provides that if an assessment be delinquent, "the district attorney shall proceed at once against all delinquents in the same manner as is provided by law for the collection of state and county taxes," since the method provided by law for the collection of delinquent taxes on real estate was an action in the name of the people against the person delinquent, and all owners and claimants known and unknown, and against the real estate. It is clear, therefore, that the action was properly brought in the name of the people.

It is claimed, however, that there was a misjoinder of causes of action in this, that there were several distinct parcels of land of the defendant Hager which were separately assessed,

and the action is to enforce the lien on each tract severally. It is contended that the causes of action are several and distinct, and cannot be joined under section 64 of the Practice Act, in force when the action was commenced.

In Dyer v. Barstow, 50 Cal. 652 (October term, 1875), we held that under the statute regulating street assessments in San Francisco, two separate and distinct causes of action founded on separate assessments could not be united in one complaint. But in the present case, though there were several parcels of land of the same owner which were severally assessed, there was but one assessment, and the cause of action is the failure to pay it. The assessment is a unit, constituting but one transaction, and is strictly analogous in this respect to a levy of state and county taxes upon different parcels of land of the same owner. In both cases there is a lien on each separate parcel for the burden imposed upon it, to be enforced by a proceeding in equity. But it has never been doubted, so far as we are aware, that under our revenue system a tax levied at the same time upon several, separate parcels of land of the same owner may be enforced in one action. This, we think, has been the uniform practice, and it would lead to a great and useless multiplicity of actions if it were otherwise. The same rule is applicable to assessments of this character.

For the purpose of showing that the assessment was duly and regularly levied, the complaint recites the proceedings had before the board of supervisors for the organization of the reclamation district and the subsequent proceedings culminating in the assessment. The complaint was not verified, but the answer was, as required by section 446 of the Code of Civil Procedure in actions brought by the state. Among other defenses, the answer contained, first, a general denial; second, a denial of certain facts necessarily adjudicated by the board of supervisors in the proceedings to organize the district and to levy the assessment; as, for example, that the land was swamp and overflowed, or that the petitioners held certificates of purchase for the requisite amount, or that the defendant's lands would be benefited by the improvement; and also an averment that there were a large number of land owners within the district who did not sign or assent to the by-laws, and that the defendant's title to his land was derived under a con-

firmed Mexican grant. On the motion of the plaintiff the court struck out the general denial and those portions of the answer already adverted to, and this ruling is relied upon as error.

It needs no authority to show that a general denial in a verified answer is nugatory and should be disregarded. The other clauses stricken out, with one or two exceptions hereafter noticed, were denials of facts not averred in the complaint and on which no issue was tendered to the defendant. One example on this point will suffice for the whole. The complaint avers that on a certain day a verified petition was presented to the board of supervisors by certain persons, setting forth that they desired to reclaim a certain body of swamp and overflowed land, described by government subdivisions, stating the number of acres of which the petitioners held certificates of purchase, patents, and other evidences of title for more than one-half, and setting forth, further, the whole quantity of land sold in said district, the number of acres in each tract sold, with the names of the owners so far as known, and that the land was susceptible of one mode of reclamation, and praying for an order of publication, etc. The only fact averred in this portion of the complaint was, that on the day specified a petition such as is above described was presented to the board of supervisors. But there is no averment that the facts stated in the petition were true, nor was it necessary, in our view of the case, that there should have been. The answer, however, denies that the land was swamp and overflowed, or that the petitioners held certificates of purchase, patents or other evidences of title for one-half of it or more. These facts were not averred, but only that the petition presented to the board so stated. The same observation applies to other denials of facts recited in the proceedings before the board, and which must necessarily have been adjudicated in the course of the proceeding resulting in the assessment. These recitals were necessary for the purpose of showing that the board acquired jurisdiction to organize the reclamation district and subsequently to order the assessment, and it would have been competent for the defendant to deny that any such proceedings occurred, or to question their sufficiency in law to confer jurisdiction on the board.

But it is well settled that if an inferior court of limited jurisdiction has passed upon the necessary jurisdictional facts and decided them to be sufficiently proved, the parties and their privies are estopped to litigate them again in a collateral action: Bigelow on Estoppel, 142 et seq., and cases there cited. This author says: "The rule that the jurisdiction of inferior courts is open to inquiry is subject to the following important qualification: If the inferior court has passed upon the jurisdictional facts and found them sufficient, the parties and their privies are estopped in collateral actions to litigate them again"; and in support of the rule numerous authorities are cited. In his work on Judgments (section 523), Mr. Freeman states the rule in these words: "Whenever the jurisdiction of a court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision, if the court has jurisdiction of the parties, is conclusive and not subject to any collateral attack"; and many adjudicated cases are referred to in support of the rule.

In this case it affirmatively appears that the board of supervisors found in the manner required by the statute that the statements contained in the petition for the organization of the district were correct, and that no land was improperly included in the district. Under the rule just stated the facts set forth in the petition cannot again be litigated in a collateral action by one who was a party to that proceeding, as this defendant was, and it results that such portions of the answer as attempted to call in question the truth of the facts alleged in the petition were properly stricken out.

This view of the law disposes of most of the clauses which were stricken out. But there are several which do not come within this category. The answer avers that Hager's land within the district is held by him under a valid Mexican grant, duly confirmed and patented. This was no defense to the action and was properly stricken out: Hager v. Supervisors, 47 Cal. 222. Another averment is that more than forty persons owning land in the district, exceeding twenty-five thousand acres, neither signed the petition or by-laws nor were asked to sign either. This tendered an immaterial issue and was properly stricken out. The complaint avers that the petition to the board was signed by the Sacramento Valley

2

Reclamation Company, "a corporation duly formed and existing under the laws of the state of California." The answer denies that the company was a corporation "authorized by or legally formed under the laws of the state," and avers that on the day when the petition was presented, or at any time since, the company did not and could not lawfully hold or own any of the lands described in the petition, or any lands in the state, and was not and is not a corporation duly incorporated or possessing any corporate power or authority under the laws of the state.

This clause was stricken out; but in the progress of the trial the plaintiff put in evidence the certificate of incorporation, and contends that if the court erred in striking out this clause of the answer, no damage accrued to the defendant, inasmuch as he had the benefit of his denial and the plaintiff overcame it by proof. But this clause of the answer having been stricken out, there was no longer any issue in the case to which the proof was applicable, and if the fact was found by the court in favor of the plaintiff, the finding must be disregarded, as the rule is well settled that all findings outside the issues are nugatory. The parties are not required to adduce proofs as to facts not in issue. Nor can there be any doubt that this clause of the answer, if proved, presented a valid defense to the action, and that the court erred in striking it out.

One of the averments in the complaint is that the Sacramento Valley Reclamation Company was "a corporation duly formed and existing under the laws of the state of California." This was explicitly denied in the answer, which further averred "that the said Sacramento Valley Reclamation Company did not and could not lawfully hold or own on said seventeenth day of August, 1870, or at any time since, any of the lands particularly described in the complaint or in the petition in said complaint mentioned." In the petition presented to the board of supervisors for the organization of the district, it was not alleged that this company was a corporation, and there can be no presumption that the board decided that it was.

For aught that appeared on the face of the petition or in the proceedings of the board, the Sacramento Valley Reclamation Company may have been a joint stock company or a com-

mercial partnership. The fact that it was a corporation, and as such the owner of a large portion of the lands included in the schedule annexed to a petition, was for the first time averred in the complaint, and was a material and issuable fact, which the defendant had a right to controvert. But the court below denied him the opportunity to do it, by striking out that portion of the answer. This was error.

Judgment and order reversed and cause remanded for a new trial.

We concur: Rhodes, J.; Niles, J.