[Department One. — January 17, 1884.]

JOHN REYNOLDS, APPELLANT, *v.* FRANCIS E. LYNCH ET AL. — L. M. LINCOLN, RICHARD SHERBURN, AND EZRA CASSELMAN, RESPONDENTS.

PLEADING— COMPLAINT— DEMURRER. — The action was brought to compel a reconveyance of trust property, and to obtain possession thereof, and for an account of the rents and profits, and an injunction restraining the defendants from asserting any claim to the property. The defendant Lynch was the trustee, and the complaint alleged that the defendants Lincoln, Sherburn, and Casselman were in possession of portions of the trust property without title, and merely as tenants at will of the trustee, the property being real estate. The complaint further alleged that Sherburn joined in the execution of the trust deed, and that Lincoln and Casselman had acquired the interest of others who also joined in its execution, but there was no allegation that they asserted any claim to the property by reason of such joinder. *Held,* that a demurrer to the complaint for want of such an allegation was properly sustained.

APPEAL from a judgment of the Superior Court of the county of Sacramento.

The facts are sufficiently stated in the head note and in the opinion of the court.

*John Reynolds,* for Appellant, in *pro. per.*

*J. H. McKune,* and *A. C. Freeman,* for Respondents.

PER CURIAM. — The greatest scope of relief to which plaintiff would be entitled, as against the surviving trustee, would include a conveyance to plaintiff of the legal estate in the lands (the subject of the trust), which his assignors had when the trust was created. Assuming the fact to be, as alleged in the complaint, that the assignors of plaintiff were owners in fee of all the lands when the deed of trust was executed, and that the assignors of defendants had no right, title, or interest therein — a fact which is *admitted* by the demurrer — the complaint con-

tains no statement of a cause of action against the defendants, other than Lynch, in the absence of an averment that they are asserting some claim by reason of having joined in the execution of the trust conveyance.

The plaintiff omits to allege such assertion of claim, but avers that the defendants in possession of portions of the same *as he is advised* and believes are tenants at will of Lynch, the trustee.

If the matter pleaded, as last stated, be sufficiently averred, it does not, of itself, make the defendants in possession proper or necesssry parties. Their tenancy at will may of course be terminated by plaintiff, when a conveyance is obtained from the trustee. It is not pretended that they claim anything except as tenants at will of the trustee.

Judgment affirmed.