[No. 9628. In Bank. — September 29, 1886.]

# JOHN REYNOLDS, RESPONDENT, v. L. M. LINCOLN ET AL. L. M. LINCOLN, APPELLANT.

JUDGMENT BY CONFESSION — STATEMENT MUST BE SIGNED BY PARTY — ACT OF 1850. — Under the act of 1850, a judgment by confession is void, unless the statement authorizing its entry is signed by the person against whom the judgment is rendered; a statement merely signed by the attorney of such person will not sustain the judgment.

ID. — SATISFIED JUDGMENT — EXECUTION. — A sale of land under an execution issued upon a satisfied judgment is void, and does not affect the title.

EVIDENCE — COPY OF ARTICLES OF ASSOCIATION — PROOF OF ORIGINAL. — An instrument purporting to be a copy of the articles of association of a company is not admissible in evidence, when there is no proof that the original of such articles ever existed.

TAXATION — SALE FOR TAXES — VOID SALE. — Under the statutes of 1861 and 1862, a sale of land for taxes to the highest bidder, instead of to the person who would take the least quantity of the land and pay the judgment and all costs, is void.

ID. — RECITALS IN TAX DEED — VOID DEED. — Recitals in a tax deed contrary to those in the return of sale cannot be regarded, and invalidate the deed.

EJECTMENT — JUDGMENT IN NOT A BAR TO ACTION TO QUIET TITLE. — A judgment rendered in an action of ejectment against a plaintiff suing on a mere equitable estate is not a bar to a subsequent action to quiet title brought by his successor in interest on the same equity.

ID. — QUIETING TITLE — PROPER PARTIES DEFENDANT — TRUSTEE OF NAKED LEGAL TITLE. — In an action to quiet title, a trustee holding the legal title to the premises in controversy, although he has no beneficial interest therein, is a proper party to a final determination of the controversy, and may be brought in as a party defendant by an amendment to the complaint.

ID. — PLEADING — DEMURRER — MISJOINDER OF CAUSES OF ACTION — IMMATERIAL ERROR. — Error in overruling a demurrer to a complaint, on the ground of a misjoinder of causes of action, will not warrant a reversal, when the substantial rights of the parties are not affected thereby.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The action was brought to quiet title to certain real estate. On the trial, the defendant Lincoln, for the purpose of showing title in himself, offered in evidence the

judgment by confession referred to in the opinion, under which the premises in controversy were attempted to be sold to his grantors; also a copy of articles of association of the Sutter Land Company, under whom he claimed; and the tax deed referred to in the opinion. The court excluded the offered evidence, to which rulings the defendant excepted. The further facts are stated in the opinion of the court, and in the opinion of the commissioners in Department One.

*Freeman & Bates*, and *McKenna & George*, for Appellant

*John Reynolds*, and *W. H. Beatty*, for Respondent.

THORNTON, J.—There was no error in excluding the sheriff's deed to Milliken. The judgment on which the sale was made and upon which the deed was executed was void. The judgment was one by confession, and was made under the act of 1850. (See Stats. 1850, p. 454, sec. 293.)

The statement was not signed by the parties personally, as required by the statute. Cheever's name was signed to the statement by his attorneys, Kewen and Morrison. This was not sufficient. (*Chapin* v. *Thompson*, 20 Cal. 687, 688; see also *French* v. *Edwards*, 2 Pac. C. L. J. 149, where this judgment and deed were passed on and held void.) Further, it appears that an execution was issued on this judgment and satisfied on the 1st of October, 1850. Some six months afterward, this judgment, so satisfied, was assigned to one of the defendants, and another execution was afterward issued on which the sale was made to Milliken. This sale under a satisfied judgment could not affect the title. (*French* v. *Edwards*, *supra*.)

We see no error in excluding the paper purporting to be a copy of the articles of association of the Sutter Land Company. There was no proof that the original of such articles ever existed.

The court did not err in excluding the tax deed to Lincoln. The return shows that the sale was made to the highest bidder, and not, as required by the statute, "for the smallest quantity that the purchaser would take and pay the judgment and all costs." (See Stats. 1861, p. 120, sec. 5; Stats. 1862, p. 520.) The sale was not made as required by the law, and was void. The recitals to the contrary in the deed cannot be regarded. The deed does not follow the return (see *French* v. *Edwards,* 13 Wall. 506), and must be held void.

The judgment in *Vance* v. *Lincoln* was not a bar. Vance did not hold at that time the legal title. It was outstanding in the trustees, Martin and Lynch. His title at most was an equity, which could not be considered in his action of ejectment against Lincoln. On this equity Reynolds sues here, and the judgment in *Vance* v. *Lincoln* could not bar the consideration of such equity. The court did not err, therefore, in ruling out the judgment roll in *Vance* v. *Lincoln.*

The evidence in this cause did not disclose an adverse possession in Lincoln sufficient to vest him with title. The court was correct in refusing to sustain such a position.

As Reynolds, under the judgment in this case, is entitled to a conveyance from the trustee who has not appealed, and the trustee could have recovered of Lincoln, no injustice is done the latter in holding Reynolds clothed with the legal title of the trustee, and on that title adjudged to recover the whole tract against Lincoln.

There was no misjoinder of parties here. On that point we concur in the opinion of the commissioners, and adopt that portion of their opinion.

Conceding that there is a misjoinder of causes of action, still this does not affect the substantial rights of the parties, and the judgment should not be reversed for such error. (Code Civ. Proc., sec. 475.)

Judgment and order affirmed.

ROSS, J., SHARPSTEIN, J., McKINSTRY, J., MORRISON, C. J., McKEE, J., and MYRICK, J., concurred.

The following is the opinion above referred to rendered in Department One on the 28th of December, 1885:—

SEARLS, C.—This action was originally brought under section 738 of the Code of Civil Procedure, to quiet title to the premises described in the complaint.

Plaintiff applied to the court for leave to file an amended complaint, in which Francis E. Lynch was made a party defendant, and in which another and separate cause of action was set out, in addition to that in the original complaint. This leave was granted.

Defendant Lincoln excepted to the order making Lynch a party, and demurred to the amended complaint, upon the grounds of a misjoinder of parties defendant, and an improper joinder of causes of action.

The demurrer was overruled by the court and its action is assigned as error.

1. As to the alleged improper joinder of parties defendant:—

The amended complaint shows that the grantors of plaintiff and defendant Lincoln, in 1863 conveyed the premises in question to defendant Lynch, and one Martin, in trust, to be sold ·and the proceeds to be divided among the grantors, and a railroad company about to be organized, in certain proportions as in the trust deed specified.

The deed provided that it should become void if the railroad should not be built within two years from the date of such deed.

The complaint avers that the railroad was never built, that Martin has since died, and that neither he nor Lynch have ever conveyed the property to any one.

A complaint under section 738, Code of Civil Procedure, is to be treated as a bill in equity. (*Brandt* v. *Wheaton*, 52 Cal. 430.)

The allowance of amendments is largely in the discretion of the court, and unless it clearly appears that such discretion has been abused, to the prejudice of the party complaining, this court will not interfere.

Lynch held the legal title to the premises in dispute, without any beneficial interest therein, and was a proper party to a final determination of the controversy.

"It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation. For this purpose all persons materially interested in the subject ought generally to be parties to the suit, plaintiffs or defendants, however numerous they may be, so that the court may be enabled to do complete justice by deciding upon and settling the rights of all persons interested." (Mitford's Pleadings, p. 164.)

It may and frequently does occur that in courts of equity persons having very different and even opposite interests are made parties defendant.

It is the great object of courts of equity to put an end to litigation and to settle, if possible, in a single suit the rights of all persons, either interested or affected by the subject-matter in controversy. (Story's Eq. Jur., sec. 1526.)

In *Jenkins* v. *Frink*, 30 Cal. 586, S. C., 89 Am. Dec. 134, it was held that in an action by one of several *cestuis que trust*, to declare and enforce an implied trust, in relation to land, all the beneficiaries or those claiming to be such are proper parties defendant.

The case of *Reynolds* v. *Lynch et al.*, decided by this court, and reported in 64 Cal. 442, is not in point.

In that case the action was against Lynch as the surviving trustee of certain land under a deed of trust, and the other defendants were not shown to have any inter-

ests, except as tenants at will, of Lynch the trustee, and this court held, in sustaining a demurrer to the complaint, that their possession as tenants at will did not render them proper or necessary parties defendant, such tenancy at will, it was said, could be terminated by plaintiff at any time after obtaining a deed from the trustee.

We are of opinion there was no error in permitting Lynch to be made a party defendant, and that that portion of the demurrer based upon an improper joinder of parties defendant was properly overruled.

2. Was there an improper joinder of causes of action in plaintiff's amended complaint?

The first count of the amended complaint avers ownership and possession of the premises in question in plaintiff, and then proceeds in the usual manner to aver that the defendants, Lincoln and Lynch, " claim some estate or interest in the said premises adverse to the plaintiff, . . . . but which plaintiff avers is unfounded, and that said defendants have no estate, right, or title, either at law or in equity, in or to said premises," etc. This is a cause of action to quiet title under section 738 of the Code of Civil Procedure.

This form of action is provided for under the chapter relating to " actions to determine conflicting claims to real property, and other provisions relating to actions concerning real estate."

By section 427 of the Code of Civil Procedure, " the plaintiff may unite several causes of action in the same complaint, where they all arise out of," etc., and then follows seven distinct classes, after which the section proceeds as follows: " The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action."

The fourth subdivision in the section relates to causes of action upon " claims against a trustee, by virtue of a contract or by operation of law."

The cause of action set out in the first count of the complaint must fall under either the second subdivision of section 427, relating to the recovery of real property, or under the seventh subdivision of the same section, and cannot be held to be within the purview of the fourth subdivision.

The second cause of action sets out that in 1863 certain parties were owners of the premises; that Robert H. Vance claimed some equitable interest therein; that Crouse and Hoyt were in possession, but without title; that all of said parties, with others, united in the execution of a deed of trust, for certain specific purposes, to defendant Lynch and one Martin as trustees; that the objects of the trust have failed; that Martin, one of the trustees, died; that defendant Lincoln has succeeded to any interest Crouse and Hoyt ever had in the premises; and that plaintiff holds the entire estate of all the other beneficiaries under the trust deed. He seeks to have defendant Lynch, the surviving trustee, convey to him, etc.

This last count is essentially a cause of action against Lynch as a "trustee, by virtue of a contract, or by operation of law," and as such must be classed under the fourth subdivision of section 427, Code of Civil Procedure.

As causes of action coming under these different classes cannot be united in the same action, we think there is a misjoinder of causes of action in plaintiff's amended complaint, and that the demurrer for misjoinder should have been sustained.

Respondent claims that by answering the complaint after his demurrer for misjoinder was overruled, defendant has waived the error, if any, and cites *Sankey* v. *Wells*, 16 Nev. 271, and *Hammersmith* v. *Avery*, 18 Nev. 225, in support of his contention.

These cases sustain the position of respondent, and the earlier cases in this court were to the same effect.

(*De Boom* v. *Priestly*, 1 Cal. 206; *Pierce* v. *Minturn*, 1 Cal. 470; *Brooks* v. *Minturn*, 1 Cal. 481.)

The cases seem to proceed upon the theory that if a demurrer to a complaint be overruled, the demurrant, if he wishes to make an issue of fact, should ask leave to withdraw his demurrer, and make an issue of fact by filing an answer, and that an answer by leave will be treated as such withdrawal. (*Fisher* v. *Scholte*, 30 Iowa, 221.)

The injustice of this rule under our code must, we think, on examination be apparent.

If a complaint improperly joins two causes of action, advantage must be taken of the defect by demurrer, or it is waived.

Suppose a demurrer in such a case is interposed and improperly overruled. A defendant thus situated may hesitate to rest upon his demurrer, lest an error of judgment on his part imperil his case, and shut him out of a meritorious defense. If, however, he answers, he is under this rule forever precluded from availing himself of an error which may have worked him great injustice.

It is proper to say that merely formal defects in a pleading are waived by pleading over after demurrer overruled, but as to those which affect the substantial rights of the parties, there is no inherent justice in holding a party to have waived error by pleading after a demurrer interposed by him has been overruled, and such has not been the later practice of this court.

As early as 1857, in *Bigelow* v. *Gove*, 7 Cal. 133, a judgment upon the merits was reversed on account of the erroneous overruling a demurrer to a complaint, which improperly joined two causes of action. In *Dyer* v. *Barstow*, 50 Cal. 652, and *Brown* v. *Rice*, 51 Cal. 489, demurrers for improper joinder of causes of action were interposed, overruled, answers filed and judgments rendered, which were by this court reversed upon the ground of error in overruling the demurrers.

The theory that a party whose demurrer was overruled was deemed, upon an answer filed, to have withdrawn the demurrer, was under our system of pleading but little more than a fiction, and when the code was so amended that a party could both demur and answer at the same time, it became time to disregard this fiction in the interest of justice.

It is next objected that if it be conceded that the court below should have sustained the demurrer, and that the error has not been waived, the judgment should not be reversed, because appellant was not injured thereby; that the case was tried upon the first cause of action, etc.

We recognize the doctrine that *error without prejudice* is not a ground for reversal. (Code Civ. Proc., sec. 475.)

It seems to us, however, as we scan the testimony, that much of it applies to each of the causes of action, and that the facts as found by the court are a portion of them peculiarly adapted to meet the issues made under the second cause of action.

Under such circumstances, injury must be presumed to have followed upon the error of the court in overruling the demurrer, based upon the ground that two causes of action were improperly united, and for this error the judgment and order should be reversed, and the court below directed to sustain the demurrer to plaintiff's amended complaint upon the second cause or ground therein specified; viz., that two causes of action have been improperly united.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded with direction to the court below to sustain the demurrer to plaintiff's amended complaint.

Rehearing denied.